UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ERIC GARCIA,

Petitioner,

v.

STATE OF NEVADA,

Respondent.

Case No. 3:26-cv-00642-ART-CLB

DISMISSAL ORDER

*Pro se* Petitioner Eric Garcia filed a Motion for Post Conviction Habeas Corpus Modification of Illegal Sentence. (ECF No. 1-1.) This Court ordered Garcia to file a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on the Court's approved form. (ECF No. 5.) Garcia timely complied, filing his Petition on September 10, 2026. (ECF No. 6.) The Court now conducts an initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules") and, finding that Garcia's claims are not cognizable in this federal habeas action, dismisses the Petition.

## I. BACKGROUND INFORMATION[1]

The state court entered a Judgment of Conviction, pursuant to a guilty plea, convicting Garcia of lewdness with a child under 14 years of age and unlawful use of a minor in producing pornography. Garcia was sentenced to life with the possibility of parole after 20 years. Garcia appealed, and the Nevada Court of Appeals affirmed on December 29, 2021. *Eric Garcia v. State of Nevada*, No. 82481-COA. Remittitur issued on January 24, 2022.

Garcia filed a motion in state court seeking to modify his sentence. The

[1] This Court takes judicial notice of the online docket records of the Nevada appellate courts (http://caseinfo.nvsupremecourt.us/public/caseSearch.do). Notably, the Fifth Judicial District Court for Nye County does not have online docket records.

state court denied the motion, and Garcia appealed. The Nevada Supreme Court dismissed the appeal as untimely on October 17, 2023. *Eric Garcia v. State of Nevada*, No. 86865. Remittitur issued on November 13, 2023.

In his instant Petition, Garcia alleges that Nevada Revised Statute § 171.010, which is the statute that gives Nevada state courts their jurisdiction, "lacks any foundation or legislative source." (ECF No. 6 at 9.) Thus, according to Garcia, the state court had no right to sentence or incarcerate him. (*Id.* at 10.) Notably, Garcia filed a federal habeas petition in 3:25-cv-00742-ART-CLB, making these same allegations, and this Court dismissed that case.

## II. DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). This Court finds that the Petition is patently frivolous.

Garcia's challenge to his convictions, which is based on the allegation that the Nevada state courts lacked jurisdiction due to Nevada's invalid statutory scheme, is an issue of state law. It is not the province of a federal habeas court to examine issues of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Rather, federal habeas corpus relief may be granted "only on the ground that [Petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, Garcia's claim is not cognizable in this federal habeas corpus proceeding. Further, the Nevada state court had jurisdiction over Garcia's underlying criminal case under the Nevada Constitution, *see* N.V. Const. art. VI, § 6, and Nevada Revised Statute § 171.010

does not address the state court's jurisdiction; rather, it provides criminal liability for persons committing offenses within Nevada.

## III. CONCLUSION

It is therefore ordered that the Petition [ECF No. 6] is dismissed. A certificate of appealability is denied, as jurists of reason would not find dismissal of the Petition for the reasons stated herein to be debatable or wrong.

It is further kindly ordered that the Clerk of Court (1) add Nevada Attorney General Aaron D. Ford as counsel for Respondents,[2] (2) provide the Nevada Attorney General with copies of this Order and all other filings in this matter by regenerating the notices of electronic filing, (3) enter final judgment dismissing this action, and (4) close this case.

DATED THIS 21st day of September 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

[2] No response is required from Respondents other than to respond to any orders of a reviewing court.